IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES EARL COLLINS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-972-WCW |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant United Parcel Service, Inc. ("UPS" or "Defendant"), appearing specially and without waiving any of its defenses, submits its answer and asserts affirmative defenses to Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim against UPS upon which relief may be granted.

SECOND DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

THIRD DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to properly exhaust administrative remedies.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, and this Court lacks subject-matter jurisdiction over them, to the extent they are based on conduct that allegedly occurred more than 180 days before Plaintiff filed any charge of discrimination with the EEOC.

## FIFTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and/or unclean hands.

## SIXTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, because the employment decisions at issue were based upon legitimate, non-discriminatory factors.

## SEVENTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate his claims of damages, the existence of such damages being hereby denied.

## EIGHTH DEFENSE

Plaintiff is not entitled to punitive damages because UPS made good faith efforts to comply with all applicable anti-discrimination and other applicable laws.

## NINTH DEFENSE

Although UPS denies that Plaintiff is entitled to punitive damages, UPS affirmatively pleads that an award of punitive damages would violate the Alabama and United States Constitutions.

## RESPONSE TO ENUMERATED PARAGRAPHS IN PLAINTIFF'S COMPLAINT

1.

UPS admits that Plaintiff asserts in this action a claim under the Age Discrimination and Employment Act and a claim arising under Alabama law. UPS denies that is has violated any such law and denies that Plaintiff is entitled to any of the relief he seeks in this action.

2.

UPS admits that this Court has jurisdiction over this action and that Plaintiff asserts in this action claims under the ADEA and claims arising under Alabama law. UPS denies that is has violated any such law and denies that Plaintiff is entitled to any of the relief he seeks in this action. Except as expressly admitted herein, UPS denies the remaining allegations in Paragraph 2.

3.

UPS admits that venue is proper in this Court. Except as expressly admitted herein, UPS denies the remaining allegations in Paragraph 3.

4.

UPS admits that Plaintiff is over forty years of age. As to the remaining allegations in Paragraph 4, UPS lacks knowledge and information sufficient to form a belief as to the truth of the matters stated therein, and such allegations therefore stand denied.

5.

Admitted.

6.

Admitted.

7.

Admitted.

8.

UPS admits that at times during Plaintiff's employment with UPS, Plaintiff worked at UPS facilities located within the geographical boundaries of the U.S. District Court for the Middle District of Alabama. Except as expressly admitted herein, UPS denies the remaining allegations in Paragraph 8.

9.

Admitted.

10.

UPS admits that Plaintiff filed a charge of discrimination with the EEOC regarding his employment with UPS. As to the remaining allegations in Paragraph 10, UPS lacks knowledge and information sufficient to form a belief as to the truth of the matters stated therein, and such allegations therefore stand denied.

11.

UPS admits that the EEOC issued a right-to-sue letter to Plaintiff. As to the remaining allegations in Paragraph 11, UPS lacks knowledge and information sufficient to form a belief as to the truth of the matters stated therein, and such allegations therefore stand denied.

12.

UPS admits that Plaintiff was born on May 28, 1951. Except as expressly admitted herein, UPS denies the remaining allegations in Paragraph 12.

13.

Admitted.

14.

Denied.

15.

UPS admits that Plaintiff has, at times during his employment with UPS, received satisfactory performance evaluations. Except as expressly admitted herein, UPS denies the remaining allegations in Paragraph 15.

16.

Denied as stated.

17.

UPS admits that Plaintiff held the title of Business Manager commencing on or about 1985 until May 22, 2006 and that, at various points, he was assigned to the UPS facilities in Anniston, Opelika and Montgomery. Except as expressly admitted herein, UPS denies the remaining allegations in Paragraph 17.

18.

Admitted.

19.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and such allegations therefore stand denied.

20.

Denied.

21.

Denied.

22.

Admitted.

23.

UPS admits that Plaintiff was working at the Opelika facility on April 26, 2006. UPS lacks knowledge or information sufficient to form a belief as to the remaining allegations as set forth in Paragraph 23 of the Complaint, and such allegations therefore stand denied.

24.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint, and such allegations therefore stand denied.

25.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and such allegations therefore stand denied.

26.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint, and such allegations therefore stand denied.

27.

Admitted.

28.

Admitted.

29.

UPS admits that Underwood knew he had not been properly trained. UPS lacks knowledge or information sufficient to form a belief as to the remaining allegations as set forth in Paragraph 29 of the Complaint, and such allegations therefore stand denied.

30.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, and such allegations therefore stand denied.

31.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint, and such allegations therefore stand denied.

32.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, and such allegations therefore stand denied.

33.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint, and such allegations therefore stand denied.

34.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and such allegations therefore stand denied.

35.

Admitted.

36.

Admitted.

37.

Denied as stated.

38.

Admitted.

39.

Denied.

40.

Denied as stated.

41.

Denied as stated.

42.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and such allegations therefore stand denied.

43.

Denied as stated.

44.

Denied as stated.

45.

Denied as stated.

46.

Admitted.

47.

Denied as stated.

48.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint, and such allegations therefore stand denied.

49.

UPS admits that it has awarded bonuses and stock options to employees in supervisory and managerial positions. The remaining allegations as set forth in Paragraph 49 of the Complaint are denied as stated.

50.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint, and such allegations therefore stand denied.

51.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint, and such allegations therefore stand denied.

52.

Denied as stated.

53.

Denied as stated.

54.

UPS admits that Plaintiff received shares equivalent to a multiple of 1.6 of his monthly salary in 2006. The remaining allegations as set forth in Paragraph 54 of the Complaint are denied as stated.

55.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint, and such allegations therefore stand denied.

56.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint, and such allegations therefore stand denied.

57.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint, and such allegations therefore stand denied.

58.

UPS admits that shifters are employees who are responsible for moving UPS vehicles at UPS facilities. As to the remaining allegations in Paragraph 58, UPS lacks knowledge and information sufficient to form a belief as to the truth of the matters stated therein, and such allegations therefore stand denied.

59.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint, and such allegations therefore stand denied.

60.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint, and such allegations therefore stand denied. .

61.

Admitted.

62.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint, and such allegations therefore stand denied. .

63.

Admitted.

64.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint, and such allegations therefore stand denied.

65.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint, and such allegations therefore stand denied.

66.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint, and such allegations therefore stand denied.

67.

Denied as stated.

68.

Admitted.

69.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint, and such allegations therefore stand denied.

70.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Complaint, and such allegations therefore stand denied.

71.

Admitted.

72.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint, and such allegations therefore stand denied.

73.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint, and such allegations therefore stand denied.

74.

Denied.

75.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint, and such allegations therefore stand denied.

76.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint, and such allegations therefore stand denied.

77.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint, and such allegations therefore stand denied.

78.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint, and such allegations therefore stand denied.

79.

Admitted.

80.

Denied as stated.

81.

UPS admits that Plaintiff was told to report to the District Office in Birmingham on May 22, 2006. The remaining allegations as set forth in Paragraph 81 of the Complaint are denied as stated.

82.

UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Complaint, and such allegations therefore stand denied.

83.

UPS admits that Plaintiff came to the District Office on May 22, 2006. The remaining allegations as set forth in Paragraph 83 of the Complaint are denied as stated.

84.

Denied as stated.

85.

UPS admits that Plaintiff was told to go to the office of Charlene Thomas. The remaining allegations as set forth in Paragraph 85 of the Complaint are denied as stated.

86.

Admitted.

87.

Admitted.

88.

UPS admits that the subject of Matt Underwood's accident on May 18th was discussed with Plaintiff. The remaining allegations as set forth in Paragraph 88 of the Complaint are denied as stated.

89.

UPS admits that Plaintiff admitted that he knew Underwood was not trained on the equipment he operated on May 18th and that Plaintiff had previously discussed with Breden the fact that Plaintiff should not allow Underwood to operate the equipment until he was properly trained. The remaining allegations as set forth in Paragraph 89 of the Complaint are denied as stated.

90.

Admitted.

91.

Denied as stated.

92.

Denied as stated.

93.

UPS admits that Plaintiff was instructed to return to Thomas's office. The remaining allegations as set forth in Paragraph 93 of the Complaint are denied as stated.

94.

Denied as stated.

95.

UPS admits that Plaintiff was informed that he was reassigned to Montgomery as an on-car supervisor. The remaining allegations as set forth in Paragraph 95 of the Complaint are denied as stated.

96.

UPS admits that, among the responsibilities of an on-car supervisor are duties associated with training of other personnel. The remaining allegations as set forth in Paragraph 96 of the Complaint are denied as stated.

97.

UPS admits the Plaintiff's former position was filled by Anthony Knuckles and that Knuckles is younger than Plaintiff. The remaining allegations as set forth in Paragraph 97 of the Complaint are denied as stated.

98.

UPS admits that Plaintiff reported to Louis Ponce as an on-car supervisor and that Ponce is younger than Plaintiff. The remaining allegations as set forth in Paragraph 98 of the Complaint are denied as stated.

99.

UPS admits that Plaintiff's gross monthly salary decreased by $555 when Plaintiff left his Business Manager position and became an on-car supervisor.

100.

Denied as stated.

101.

Denied.

102.

UPS lacks knowledge and information sufficient to form a belief as to the truth of the matters stated in Paragraph 102, and such allegations therefore stand denied.

103.

Denied.

104.

Denied as stated.

105.

Denied as stated.

106.

Denied.

107.

UPS lacks knowledge and information sufficient to form a belief as to the truth of the matters stated in Paragraph 107, and such allegations therefore stand denied.

108.

Denied as stated.

109.

Denied.

110.

Denied.

Count I:  Age Discrimination in Violation of the ADEA

111.

UPS incorporates by reference its responses to Paragraphs 1-110 of the Complaint as if fully set forth herein.

112.

Denied.

113.

Denied.

Count II: Age Discrimination in Violation of the AADEA

114.

UPS incorporates by reference its responses to Paragraphs 1-113 of the Complaint as if fully set forth herein.

115.

Denied.

116.

Denied.

UPS further states that, unless specifically admitted herein, UPS denies each and every allegation contained in Plaintiff's Complaint and further denies that Plaintiff is entitled to any relief whatsoever, including the relief demanded in Paragraphs (a) – (h) of the Prayer for Relief in his Complaint.

Respectfully submitted this 20th day of November 2007.

> s/ Jeremy D. Tucker_____
> Jeremy D. Tucker (TUC037)
> ALSTON & BIRD LLP
> 1201 West Peachtree Street
> Atlanta, Georgia 30309-3424
> Tel: 404-881-7000
> Fax: 404-881-7777
> jeremy.tucker@alston.com
>
> William J. Baxley (BAX001)
> Donald R. James, Jr. (JAM016)
> BAXLEY, DILLARD, DAUPHIN

McKNIGHT, & BARCLIFT
2008 3rd Avenue South
Birmingham, Alabama 35233
Tel. No.: (205) 939-0995
Fax No.: (205) 271-1108

Attorneys for Defendant United Parcel Service, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES EARL COLLINS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-972-WCW |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2007, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Maricia Woodham
Sabel & Sabel, P.C.
2800 Zelda Road
Suite 100-5
Montgomery, AL 36106

Counsel for Plaintiff

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

s/ Jeremy D. Tucker
Jeremy D. Tucker

LEGAL02/30602864v1